Donald Kenneth **CARLSON,**
Plaintiff–Appellant,

v.

Darlene **BATES, et al., Defendants–**
Appellees.

No. 01–2468.

United States Court of Appeals,
Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.[*]

[*] The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

*ORDER*

Donald Kenneth Carlson appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1985, Carlson was convicted of first-degree murder and sentenced to life imprisonment. He filed his civil rights complaint in 2001, primarily alleging that Michigan officials had misdated a petition for counsel in his criminal case. The district court dismissed Carlson's civil rights case on September 17, 2001, as it was barred by the applicable statute of limitations and otherwise failed to raise a cognizable claim. *See* 28 U.S.C. §§ 1915(e) *and* 1915A. It is from this judgment that he now appeals.

We review the dismissal of this case *de novo. See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because Carlson did not raise a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) *and* 1915A.

A three-year limitations period applies to Carlson's civil rights action. *See McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir.1988). Thus, Carlson's claims must have accrued within three years of June 22, 2001, when his complaint was filed, or no earlier than June 22, 1998. The complaint plainly indicates that his claims accrued in 1984, when a "Jane Doe" defendant allegedly refused to allow him to

sign and date his petition for appointed counsel. *See id.* Hence, the district court properly determined that Carlson's case was untimely, as his claims had accrued almost seventeen years before the complaint was filed.

Carlson argues that the defendants also misprocessed counsel petitions that were filed by other individuals from 1983 through 1999. However, he lacks standing to bring a civil rights claim on behalf of these individuals. *See Newsom v. Norris,* 888 F.2d 371, 381 (6th Cir.1989). Therefore, the limitations period was not effectively tolled by the defendants' treatment of their petitions.

The district court also properly determined that Carlson's allegations did not rise to the level of a viable civil rights claim. In this regard, we note that Carlson's disputed petition for counsel was apparently filed during his criminal case. Thus, Carlson has not raised a cognizable civil rights claim, as he has not shown that his conviction was reversed on direct appeal or otherwise declared invalid by an appropriate tribunal. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.